UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CSW, INC.,

        Plaintiff,

v.                                                                                                             Case No. 17-C-1007

NORTHERN CONCRETE CONSTRUCTION, INC.,

        Defendant.

## DECISION AND ORDER

Plaintiff CSW, Inc., sued Defendant Northern Concrete Construction, Inc. (Northern), for damages arising out of a soured business relationship in which CSW, a Mississippi corporation, agreed to provide workers to help Northern, a Wisconsin corporation, complete construction projects it had contractually undertaken in Wisconsin. Northern, in turn, agreed to pay CSW a per diem rate for each worker provided, out of which CSW was to pay its loaned employees their proper wages, withhold taxes, and pay the employer share of employee fringe benefits. The arrangement seems to have fallen apart when several CSW workers sued Northern, along with CSW, for unpaid overtime and travel expenses in a separate FLSA action that has since been settled. CSW's complaint against Northern asserts four separate claims for breach of contract, open account, quantum meruit, and unjust enrichment. A jury trial is set to commence on April 29, 2019. This short decision will address two issues raised in Northern's pretrial report.

In its pretrial report, Northern raised the question of whether CSW's claim for attorneys' fees is legally viable. CSW claims that, if it is successful at prosecuting its open account claim, it would be entitled to attorneys' fees pursuant to Miss. Code Ann. § 11-53-81 (West 2019), which

states in part:

> When any person fails to pay an open account within thirty (30) days after receipt of written demand therefor correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff.

Northern argues that "CSW cannot demonstrate both that Mississippi law applies to this action and, at the same time, that Northern is liable for attorneys' fees incurred by CSW." Dkt. No. 63-1 at 2. Northern asserts that the only way Mississippi law could apply to this action is if the written proposals containing a Mississippi choice-of-law provision are held to be enforceable contracts. This is because traditional choice of law principles favor the application of Wisconsin law. But if the jury finds a contract was formed between the parties, Northern argues that Mississippi's attorney fee provision for actions on open accounts will not apply. Relying on *C.R. Daniels, Inc. v. Yazoo Manufacturing Co. Inc.*, 641 F. Supp. 205 (S.D. Miss. 1986), Northern argues that under Mississippi law "a claim based on contract is not entitled to attorneys' fees under § 11-53-81 because it is not a claim based on an open account." Dkt. No. 63-1 at 2.

Whether an action is one on an open account depends on the relationship between the parties, however, rather than the existence of a contract. This is because "[s]uits on open account are always contractual matters, because an underlying contract must exist for the open account to exist." *T. Jackson Lyons & Assocs., P.A. v. Precious T. Martin, Sr. & Assocs., PLLC*, 87 So. 3d 444, 453–54 (Miss. 2012). An open account "is generally held to mean an account based on continuing transactions between the parties which have not been closed or settled but are kept open in anticipation of further transactions." *Westinghouse Credit Corp. v. Moore & McCalib, Inc.*, 361 So. 2d 990, 992 (Miss. 1978). A collection for recovery on an open account "amounts to a

collection action where the debt is based on a series of credit transactions." *Franklin Collection Serv., Inc. v. Stewart*, 863 So. 2d 925, 930 (Miss. 2003).

Based on the allegations of the complaint, it is appears that Northern and CSW's relationship was one of continued transactions between the two parties, at least until the relationship ended when the FLSA suit was filed against both of them. Both parties are in agreement that "Northern Concrete would contact CSW whenever it needed concrete workers" and "[t]he periodic re-engagement for workers was based on Northern Concrete and CSW's ongoing relationship." Dkt. No. 49 at ¶¶ 31–32. In addition, "Northern Concrete and CSW had to negotiate rates on a job-by-job and position-by-position basis each time Northern Concrete needed workers." *Id.* at ¶ 39. Thus, Northern's interactions with CSW appear to be a part of a series of transactions where the parties expected further transactions.

*C.R. Daniels*, the case relied upon by Northern, is distinguishable from the case at hand. There, the plaintiff brought its suit pursuant to Miss. Code Ann. § 75-2-709 to recover the price of goods sold to the defendant that stemmed from a single purchase. *C.R. Daniels*, 641 F. Supp. at 206. Although there were multiple purchase orders, each additional purchase order either replaced the previous one or "altered the delivery schedule but did not change the total number of bags and frames ordered." *Id.* at 207. The fact that the claim was based on a single transaction rather than a continuous series of transactions, as well as the fact that the plaintiff brought its claim under § 75-2-709, led the court to conclude that the plaintiff was not entitled to attorneys' fees under Miss. Code Ann. § 11-53-81 because "its claim against [the defendant] is based on contract rather than an open account." *Id.* at 210. As discussed earlier, Northern and CSW's relationship allegedly involved an ongoing series of transactions and CSW brought its claim for open account pursuant

3

to Miss. Code Ann. § 11-53-81. Dkt. No. 1-1 at 6. Consequently, at least as the record now stands, CSW would be entitled to attorneys' fees under Miss. Code Ann. § 11-53-81, if the jury finds that CSW's proposals with the Mississippi choice-of-law provision constituted a contract between the parties.

Northern also noted in its pretrial report that CSW was administratively dissolved by the State of Mississippi on December 6, 2017. Although neither party expressly addressed CSW's standing as a result of its dissolution, the court will briefly address this issue. Under Mississippi law, dissolution of a corporation does not "[p]revent commencement of a proceeding by or against the corporation in its corporate name" or "[a]bate or suspend a proceeding pending by or against the corporation on the effective date of dissolution." Miss. Code Ann. § 79-4-14.05(b)(5)–(6) (West 2019). Wisconsin also has a nearly identical statute stating the same. Wis. Stat. § 181.1405(2)(d)–(e). Consequently, it does not appear that CSW's administrative dissolution deprives it of standing in this case to bring its claims.

Dated at Green Bay Wisconsin this  10th  day of April, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court